```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AJAMU WHITE,                                                 :
                                                             :
                            Petitioner,                      :     21-CV-0132 (GHW) (OTW)
                                                             :
              -against-                                      :     ORDER
                                                             :
MICHAEL CAPRA,                                               :
                                                             :
                            Respondent.                      :
                                                             :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

*Pro se* Plaintiff filed a "Motion for Discovery" seeking the bar examination results, character and fitness "status," and pro hac vice "status" on September 12, 2012, and as of September 12, 2021, for counsel who attended his lineup. (ECF 30). Petitioner argues that his attorney was constitutionally ineffective because he sent a law school graduate, counsel's intern, whom Petitioner contends was an "unlicensed, non-barred intern," to monitor the lineup. (ECF 19 at 37) (citing ECF 2 at 7).

It is established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Beatty v. Greiner,* 50 Fed. Appx. 494, 496 (2d Cir.2002); *Rossney v. Travis,* 2003 WL 135692, at *12 (S.D.N.Y. Jan. 17, 2003). Rule 6(a) of the Rules Governing Section 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and *for good cause shown* grants leave to do so, but not otherwise." (emphasis added); *see Bracy v. Gramley,* 520 U.S. at 904, 117 S.Ct. 1793. A petitioner must show good cause by presenting "specific allegations" which give the

Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–909, 117 S.Ct. 1793 (*quoting Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). The Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition. *Gonzalez v. Bennett,* 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001).

Petitioner seeks information establishing whether the intern—at the time of the September 12, 2012 lineup—(1) had passed the bar exam, (2) was in good standing, (3) was denied admittance to practice; and (4) was granted pro hac vice status. (ECF 33). Petitioner argues that such evidence would "show that [the intern] . . . was not barred, qualified or in good standing to represent petitioner at a court ordered line up procedure in September of 2012, and that he was technically defective." (ECF 30) (citing *Solina v. United States*, 709 F.2d 160, 161 (2d Cir. 1983) (finding that the lack of licensed counsel—where counsel failed the bar exam twice—was harmless because counsel had a legal education and was experienced at cross-examination; the evidence of Petitioner's guilt was overwhelming and upon examination; and the fourteen instances of alleged ineffectiveness were inconsequential or within the permissible range of professional judgment)).

No good cause for discovery here is shown. Petitioner has not given the Court reason to believe that if these facts were fully developed, he could demonstrate that he is entitled to relief. Moreover, Petitioner already has much of the information that he seeks. At trial, the intern testified, under oath, that when he attended petitioner's lineup, he was a law school graduate and had passed the New York bar exam. (ECF 20-35 at 216). Petitioner's Exhibit U

shows that the intern was admitted to the New York State Bar in 2013. (ECF 2 at 33). The Court takes judicial notice of the fact that the intern was not admitted (and therefore neither in good nor bad standing) on September 12, 2012.

Accordingly, the Petitioner's motion for discovery is **DENIED**. The Clerk of Court is respectfully directed to close ECF 29 and ECF 30.

**SO ORDERED.**

Dated: September 23, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge